IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GREAT WEST CASUALTY COMPANY,  )
)
      Plaintiff,                   )
)
      v.                       )     Case No.: 2:24-cv-334
)
DOUGLAS ULAND, ULAND & SON   )
HEAVY EQUIPMENT TRANSPORTING, )
INC., and RICKY KNAPP,           )
)
      Defendants.            )

**<u>GREAT WEST CASUALTY COMPANY'S</u>**
**<u>COMPLAINT FOR DECLARATORY JUDGMENT</u>**

Plaintiff, Great West Casualty Company ("Great West"), by counsel, for its Complaint for Declaratory Judgment against Defendants Douglas Uland ("Uland"), Uland & Son Heavy Equipment Transporting, Inc. ("Uland & Son"), and Ricky Knapp ("Knapp"), alleges and states as follows:

1.     This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 USC § 2201 for the purpose of determining an actual controversy between the parties as to Great West's duty and obligation to defend and indemnify Uland and Uland & Son for claims brought by Knapp in a Complaint against Uland and Uland & Son in Cause No. 28C01-2402-CT-00003 pending in the Superior Court of Greene County, Indiana ("Underlying Lawsuit").

## I.     PARTIES

2.     Great West is and was at all relevant times to this Complaint a citizen of the State of Nebraska, a Nebraska corporation authorized and licensed to conduct business in the State of Indiana, with its principal place of business in South Sioux City, Nebraska.

3.     Uland is and was at all relevant times to this Complaint an individual residing in Greene County, Indiana and a citizen of Greene County, State of Indiana with his principal residence in Solsberry, Indiana.

4.     Uland & Son is and was at all relevant times to this Complaint an Indiana corporation, a citizen of the State of Indiana, with its principal place of business in Solsberry, Indiana.

5.     Knapp is and was at all relevant times to this Complaint an individual residing in Greene County, Indiana and a citizen of Greene County, State of Indiana with his principal residence located in Solsberry, Indiana.

## II.     JURISDICTION AND VENUE

6.     Jurisdiction in this District is appropriate based on diversity of citizenship of the Parties.  28 U.S.C. § 1332.

7.     The amount in controversy satisfies the requirements for diversity jurisdiction because it exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, as Knapp alleges he suffered injuries requiring a cervical fusion surgery and seeks damages for personal injuries, medical expenses, mental anguish, pain and suffering and other actual or consequential damages.

8.      Venue in this District is proper under 28 U.S.C. § 1391 as all Defendants are located in this district and the events that form the basis of the Underlying Lawsuit occurred in this District.

### III.      FACTUAL ALLEGATIONS

9.      Great West issued a Commercial Lines Policy providing commercial general liability coverage under the Commercial General Liability Coverage Part to Named Insured Uland & Son Heavy Equipment Transporting, Inc. under Policy No. MCP32059F ("Policy").  A Bates numbered, certified copy of the Policy is attached hereto and made a part of this Complaint for Declaratory Judgment as **Exhibit "A"**.

10.      Uland, Uland & Son and Knapp are made parties to this action to assert their respective rights and interests, if any, as to any liability coverage under the policy of insurance issued by Great West to Uland & Son with regard to coverage for Uland and/or Uland & Son's liability, if any, arising from the allegations made by Knapp in his Complaint in the Underlying Lawsuit.

11.      The Great West Policy provided commercial general liability coverage to Uland & Son with a policy period from July 1, 2021 to July 1, 2022 subject to the specific terms and conditions of the Policy.

12.      Upon information and belief, Knapp was a contract driver for Uland & Son who had been terminated and was at Uland & Son on May 17, 2022 to pick up his final paycheck.

13.      Knapp was terminated for insubordination.

14.      Uland is a shareholder and officer of Uland & Son.

15.      Uland & Son is a motor carrier specializing in oversize and overweight loads.

16.     At all relevant times, Uland and his wife Beverly owned the premises at 7611 N. Copper Branch Rd. in Solsberry, Indiana (the "Premises").

17.     At all relevant times, the Premises was both the primary place of business for Uland & Son and Uland's personal residence.

18.     Knapp alleges that he was involved in a physical altercation with Uland on May 17, 2022 at Uland & Son's Premises located at 7611 N. Copper Branch Rd. in Solsberry, Indiana while picking up his final paycheck wherein Uland physically attacked him without provocation ("Incident").

19.     Knapp reported the Incident to the Greene County Sheriff's Office.

20.     Sheriff's Deputies arrived at Uland & Son later the same day and charged Uland with battery.

21.     The charges against Uland for misdemeanor battery were filed in Greene County Superior Court, Cause No. 28D01-2206-CM-000240.

22.     On February 13, 2024, Knapp filed his Complaint and Jury Demand in the Greene County Circuit Court under Cause Number 28C01-2402-CT-000003 against Douglas Uland and Uland & Son Heavy Equipment Transporting, Inc. for injuries and damages allegedly resulting from the Incident ("Knapp Complaint").  A true and accurate copy of the Knapp Complaint is attached hereto and made a part hereof as **Exhibit "B"**.

23.     Service of Knapp's lawsuit on Uland and Uland & Son was perfected on February 22, 2024.

24.     First notice to Great West of the alleged Incident for which criminal charges were brought against Uland was on March 1, 2024, nearly two (2) years after the alleged Incident, resulting in prejudice to Great West.

25.    First notice to Great West of the Underlying Lawsuit was on March 8, 2024.

26.    Pursuant to the terms and conditions of the Great West Policy, Great West assumed payment for counsel to defend Uland and Uland & Son in the Underlying Lawsuit and is defending Uland and Uland & Son under a full and complete Reservation of Rights.

27.    On May 1, 2024, Great West issued its Reservation of Rights letter to Uland and Uland & Son.  A true and accurate copy of the Reservation of Rights letter is attached hereto and made a part hereof as **Exhibit "C"**.

28.    Knapp's Complaint alleges, *inter alia*, the following against Uland and Uland & Son:

## II.    <u>FACTS OF THE CASE</u>

***

4.    On or about May 17, 2022, Knapp visited Uland & Son located at 7611 N. Copper Branch Road, Solsberry, Indiana 47459 (hereinafter "the Property").

5.    Upon arrival at the Property, Knapp sought to speak with Uland and retrieve a check Uland owed Knapp from May 13th, 2022; when Uland accused Knapp of poorly caring for his equipment.

6.    Without reason or provocation, Uland physically attacked Knapp, pushing Knapp in his chest, and throwing a punch, knocking Knapp's glasses to the ground.

7.    As Knapp attempted to pick-up his glasses from the ground, Uland kicked Knapp in the throat and chest with his boot.

8.    Uland then picked Knapp up; squeezing Knapp by the neck and chest causing Knapp to lose bodily function.

9.    Following the incident, Knapp returned to his residence at 9774 N. St. Rd. 43, Solsberry, Indiana 47459, and called 911 for help.

10.     Once the police arrived, Knapp provided a statement to Greene County Sheriff's Deputies Jimmy Carpenter and Anthony Nelson.

11.     The Property is owned, operated, and maintained by Uland and Uland & Son Heavy Equipment Transporting, Inc.

12.     Knapp was a business invitee at the Property at the time of the aforementioned incident.

## COUNT I: BATTERY
## DOUGLAS ULAND

13.     Plaintiff, Ricky Knapp, hereby incorporates by reference, re-states and realleges the allegations contained in Paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

14.     Defendant, Uland, intentionally caused harmful or offensive contact with Knapp.

15.     The action(s) of Defendant, Uland proximately caused severe bodily injury to Knapp.

16.     Knapp suffered damages; personal injuries, medical expenses, mental anguish, pain and suffering and other potential, actual or consequential damages proximately caused by and/or resulting from the actions of Defendant, Uland.

## COUNT II: ASSAULT
## DOUGLAS ULAND

17.     Plaintiff, Ricky Knapp, hereby incorporates by reference, re-states and realleges the allegations contained in Paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

18.     Defendant, Uland intentionally caused an imminent apprehension of a harmful or offensive contact with Plaintiff Knapp.

19.     The action(s) of Defendant, Uland proximately caused severe bodily injury to Knapp.

20.     Plaintiff Knapp suffered damages proximately caused by and/or resulting from the actions of Defendant Uland.

## COUNT III: NEGLIGENCE
## ALL DEFENDANTS

21.    Plaintiff, Ricky Knapp, hereby incorporates by reference, re-states and realleges the allegations contained in Paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

22.    Defendants owed a duty to Plaintiff Knapp as an invitee and employee, lawfully on the Property.

23.    The actions of Defendants breached the duty of reasonable care owed to Plaintiff Knapp.

24.    The breach of this duty proximately caused injury to Plaintiff Knapp.

25.    Plaintiff Knapp suffered damages proximately caused by and/or resulting from the actions of Defendant Uland.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DOUGLAS ULAND

26.    Plaintiff, Ricky Knapp, hereby incorporates by reference, re-states and realleges the allegations contained in Paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

27.    The actions of Uland were extreme and outrageous.

28.    The actions of Uland intentionally or recklessly caused Knapp to experience severe emotional distress.

29.    As such, Uland inflicted extreme emotional distress upon Knapp.

30.    As a proximate result of these actions, Knapp has suffered damages.

## COUNT V: NEGLIGENT SUPERVISION
## ULAND & SON HEAVY EQUIPMENT
## TRANSPORTING, INC.

31.     Plaintiff, Ricky Knapp, hereby incorporates by reference, re-states and realleges the allegations contained in Paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32.     At all times relevant hereto, Uland was an employee, agent, and/or representative of Uland & Son who resides on the Property.

33.     At all times relevant hereto, Uland & Son has a duty to supervise Uland.

34.     Uland and Son breached that duty when it negligently supervised Uland.

35.     As a result of Uland & Son's negligence and/or fault, Knapp suffered injuries.

## COUNT VI: PREMISES LIABILITY
## ULAND & SON HEAVY EQUIPMENT
## TRANSPORTING, INC.

36.     Plaintiff, Ricky Knapp, hereby incorporates by reference, re-states and realleges the allegations contained in Paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37.     At all times relevant hereto, Knapp was a business invitee/licensee on the Property.

38.     Uland & Son owed a duty of reasonable care under the circumstances to ensure the Property was safe, among other things, to Knapp.

39.     Uland & Son breached this duty of care by negligently supervising, training, and/or retaining its employee, agent, and/or representative, Uland, among other things.

40.     As a result of Uland & Son's negligent actions, Knapp suffered severe injuries.

41.     Knapp's injuries were proximately caused by the conduct of Uland & Son.

42. By reason of Uland & Son's negligent conduct, the injuries to Knapp include but are not limited to such damages as personal injury, medical expenses, mental anguish, pain, and suffering, and other potential actual or consequential damages arising from the conduct described herein.

## COUNT VII: RESPONDENT/SUPERIOR
## ALL DEFENDANTS

43. Plaintiff, Ricky Knapp, hereby incorporates by reference, re-states and realleges the allegations contained in Paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

44. At all times relevant hereto, Uland was an employee and/or owner of Uland & Son Heavy Equipment Transporting, Inc.

45. As an employee of the company, Uland & Son is liable for the actions of their employee, Uland, under the theory of agency.

46. As a result of Defendants' negligent actions, Knapp suffered severe injuries.

47. Knapp's injuries were proximately caused by the conduct of both Uland and Uland & Son.

48. By reason of Uland and Uland & Son's negligent conduct, the injuries to Knapp include but are not limited to such damage as personal injury, medical expenses, mental anguish, pain, and suffering, and other potential actual or consequential damages arising from the conduct described herein.

## IV.   DECLARATORY JUDGMENT

29. Great West incorporates by reference as if fully set forth herein paragraph numbers 1 through 28 of its Complaint for Declaratory Judgment.

30. The Great West Policy Declarations provide as follows:

**POLICY NUMBER: MCP32059F**

Renewal of Number:  **MCP32059E**

Named Insured and Address:

**ULAND & SON HEAVY EQUIPMENT TRANSPORTING, INC.**
**7611 N COPPER BRANCH RD SOLSBERRY IN 47459**

Policy Period:  From **JULY 1 2021** to **JULY 1 2022** at 12:01 A.M.
Standard Time at your address shown above.

Business Description:  **TRUCKER – CORPORATION**

*** 

**Exhibit "A"**, p. 000004.

31.     Uland is not a Named Insured on the Great West Policy.

32.     Uland is not an Additional Insured on the Great West Policy.

33.     Uland does not qualify as an Insured under the terms, conditions and definitions

of the Great West Policy for the Incident alleged by Knapp in the Underlying Lawsuit.

34.     The Indiana Commercial General Liability Coverage Form of the Great West

Policy provides:

INDIANA COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this Coverage Form restrict coverage.  Read
the entire Coverage Form carefully to determine rights, duties and
what is and is not covered.

Throughout this Coverage Form the words "you" and "your" refer
to the Named Insured shown in the Declarations, and any other
person or organization qualifying as a Named Insured under this
policy.  The words "we", "us" and "our" refer to the Company
providing this insurance.

The word "insured" means any person or organization qualifying as
such under Section II – Who is an Insured.

Other words and phrases that appear in quotation marks have special
meaning.  Refer to Section V – Definitions.

**Exhibit "A"**, p. 000064.

35.     The Great West Policy provides the following coverage grant:

**SECTION I – COVERAGES**

**COVERAGE A**

**1.     BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

  **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We have the right and duty to defend any insured against a "suit" asking for such damages.  However, we have no duty to defend any insured against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.   We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

  **(1)**     The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

  **(2)**     Our right and duty to defend ends when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

  **b.**     This insurance applies to "bodily injury" and "property damage" only if:

  **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  **(2)**     The "bodily injury" or "property damage" occurs during the policy period; and

**(3)**     Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. …

\*\*\*

**Exhibit "A"**, p. 000064.

36.     The Policy identifies who is an insured as follows:

## SECTION II – WHO IS AN INSURED

**1.**     If you are designated in the Declarations as:

\*\*\*

**d.**     An organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\*\*\*

**Exhibit "A"**, p. 000076.

37.     The Great West Policy defines "Executive Officer" as follows:

## SECTION V – DEFINITIONS

\*\*\*

**7.**     **"Executive officer"** means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

\*\*\*

**Exhibit "A"**, p. 000081.

12

38.     Uland is an "executive officer" as defined by the Great West Policy.

39.     As an "executive officer" Uland is only insured with respect to his duties as an officer for Uland & Son

40.     Uland & Son did not authorize or direct Uland as an executive officer of Uland & Son to batter or otherwise intentionally harm Knapp as alleged in the Knapp's Complaint.

41.     Uland was not acting in his capacity as an executive officer of Uland & Son and was not an Insured under the terms, conditions and definitions of the Great West Policy at the time of the Incident alleged in the Underlying Complaint.

42.     Great West owes no liability coverage for Uland's liability, if any, because Uland is not a Named Insured, Additional Insured and does not otherwise qualify as an Insured under the terms of the Great West Policy.

43.     There is no coverage under the Great West Policy for Uland and/or Uland & Son's liability, if any, because there was no "occurrence" as defined by the Great West Policy.

44.     The Great West Policy coverage grant provides in pertinent part as follows:

**SECTION I – COVERAGES**

**COVERAGE A**

**1.      BODILY   INJURY   AND   PROPERTY   DAMAGE LIABILITY**

***

**b.**      This insurance applies to "bodily injury" and "property damage" only if:

**(1)**      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

***

**Exhibit "A"**, p. 000064.

13

45.    The Great West Policy defines "Occurrence" as:

>    **15.    "Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**Exhibit "A"**, p. 000083.

46.    Knapp's Complaint alleges that Uland intentionally physically and emotionally harmed him.

47.    The allegations in Knapp's Complaint are not of accidental conduct necessary for an occurrence under the Policy.

48.    The bodily injury was not accidental and, therefore, was not the result of an occurrence.

49.    Coverage for the alleged Incident is not triggered because there was no occurrence and there is no coverage for the liability of Uland and/or Uland & Son, if any, under the Great West Policy.

50.    The Great West Policy provides the following exclusion:

**SECTION I – COVERAGES**

**COVERAGE A**

***

**2.    EXCLUSIONS**

This insurance does not apply to:

>    **a.    EXPECTED OR INTENDED INJURY**
>
>    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

***

**Exhibit "A"**, p. 000065.

14

51.     Great West owes no coverage for the liability of Uland and/or Uland & Son, if any, because the bodily injury to Knapp was expected by Uland.

52.     Great West owes no coverage for the liability of Uland and/or Uland & Son, if any, because the bodily injury to Knapp was expected by Uland & Son.

53.     Great West owes no liability coverage for the liability of Uland and/or Uland & Son, if any, because the alleged bodily injury to Knapp was intended by Uland.

54.     Great West owes no liability coverage for the liability of Uland and/or Uland & Son, if any, because the alleged bodily injury to Knapp was intended by Uland & Son.

55.     Great West owes no liability coverage for Uland and Uland & Son's liability, if any, because the Expected or Intended Injury exclusion expressly excludes coverage for bodily injury expected or intended by the Insured.

56.     The Policy provides:

### SECTION I – COVERAGES

**COVERAGE A**

*** 

**2.      EXCLUSIONS**

This insurance does not apply to:

**o.      EMPLOYMENT-RELATED PRACTICES**

"Bodily injury" to:

**(1)**     A person arising out of any:

    **(a)**     Refusal to employ that person;

    **(b)**     Termination of that person's employment; or

**(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or malicious prosecution directed at that person; or

\*\*\*

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\*\*\*

**Exhibit "A"**, pp. 000069-70.

57.     Great West owes no liability coverage for the liability of Uland and Uland & Son, if any, because the claimed bodily injury arose from employment-related practices of Uland & Son and Uland and coverage for employment-related practices is expressly excluded by the Policy.

58.     The Great West Policy provides no liability coverage for the liability of Uland and Uland & Son, if any, because the Policy expressly excludes coverage for bodily injury arising out of Uland & Son's operations at all locations where it is engaged in farming, ranching or any other agricultural or livestock operations.

59.     The Great West Policy contains an endorsement that provides:

**THIS ENDORSEMENT CHANGES THE POLICY.**

**PLEASE READ IT CAREFULLY.**

**EXCLUSION – DESIGNATED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The provisions of the Coverage Form apply unless modified by this endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

Description and Address(es) of your operation:

**ALL LOCATIONS WHERE THE INSURED IS ENGAGED IN FARMING, RANCHING OR ANY OTHER AGRICULTURAL OR LIVESTOCK OPERATIONS**

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of:

**1.**     Operations shown in the SCHEDULE of this endorsement;

**2.**     The ownership, maintenance or use of the premises for "your work" in connection with operations shown in the SCHEDULE on this endorsement;

**3.**     Operations on those premises or elsewhere which are necessary or incidental to the ownership, maintenance or use of those premises; or

**4.**     "Your products" arising out of the operation shown in the SCHEDULE on this endorsement.

**Exhibit "A"**, p. 000061.

60.     Upon information and belief, the property located at 7611 N. Copper Branch Road, Solsberry, Indiana was used in part for Uland & Son's farming, ranching or other agricultural operations.

61.     The Incident and Knapp's alleged injury occurred at 7611 N. Copper Branch Road, Solsberry, Indiana.

62.     Great West owes no liability coverage for Uland and/or Uland & Son's liability, if any, to the extent Knapp's bodily injury arose from Uland & Son's agricultural operations because it is expressly excluded under the Policy.

63.     The Great West Policy requires an insured to provide prompt notice of any "occurrence" or offense which may result in a claim, as a condition precedent to coverage under the Policy.

64.     The Great West Policy requires an insured promptly provide written notice of the claim or "suit" to Great West as a condition precedent to coverage under the Policy.

65.     The Policy provides as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*\*\*

**2.     DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT**

**a.**     You must see to it that we and any other insurer which has available insurance for a loss we cover under Coverage A or B or this Coverage Part are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

**(1)**     How, when and where the "occurrence" or offense took place;

**(2)**     The names and addresses of any injured persons and witnesses; and

**(3)**     The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**     If a claim is made or "suit" is brought against any insured, you must:

    **(1)**     Immediately record the specifics of the claim or "suit" and the date received; and

    **(2)**     Notify us as soon as practicable and see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **(3)**     Promptly tender the defense of any claim made or "suit" to any other insurer which also has available insurance for a loss which we cover under Coverage A or B of this Coverage Part.

**3.     LEGAL ACTION AGAINST US**

No person or organization has a right under this Coverage Part:

**a.**     To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.**     To sue us on this Coverage Part unless all of its terms have been fully complied with.

***

**Exhibit "A"**, pp. 000078-79.

66.     First notice to Great West of the Claim was on March 1, 2024 almost two (2) years after the Incident.

67.     First notice to Great West of the Underlying Lawsuit was on March 8, 2024.

68.     Uland and Uland & Son failed to promptly provide Great West with the summons, orders and other legal papers which is a condition precedent to coverage under the Policy.

69.     Uland and Uland & Son failed to provide written notice of the Incident on which the Underlying Complaint is based which is a condition precedent to coverage.

19

70.    Uland and Uland & Son failed to provide prompt written notice of the Incident on which the Underlying Lawsuit is based which is a condition precedent to coverage.

71.    Great West has been prejudiced by Uland and Uland & Son's failure to provide prompt written notice of the Incident and Lawsuit and/or failure to immediately provide legal documents in the criminal matter and Underlying Lawsuit.

72.    Uland and Uland & Son breached the Great West Policy's notice condition which is a condition precedent to coverage and bars liability coverage under the Policy.

73.    Uland and Uland & Son breached their duty to promptly provide written notice of the Incident and/or Underlying Lawsuit which is a condition precedent to coverage and bars liability coverage under the Policy.

74.    The Great West Policy does not provide liability coverage for Uland and Uland & Son's liability, if any, for the allegations in the Complaint in the Underlying Lawsuit because Uland and Uland & Son failed to comply with the Policy's prompt notice condition precedent prejudicing Great West which bars coverage.

75.    Liability coverage under the Policy is subject to the Great West Policy's limits of liability, definitions, terms and conditions, and other insurance clauses.

76.    There is a genuine and actual dispute between the parties as to rights and obligations of the parties under the Policy for Knapp's claims in the Underlying Lawsuit that can be addressed and resolved by this Court.

WHEREFORE, Great West Casualty Company, by counsel, prays that the court enter a declaratory judgment:

A.      Determining the respective rights and obligations of the parties as to liability coverage under the Great West Policy for Uland's liability, if any, for the Underlying Lawsuit;

B.      Determining the respective rights and obligations of the parties as to liability coverage under the Great West Policy for Uland & Son's liability, if any, for the Underlying Lawsuit;

C.      Declaring that Great West Casualty Company owes no duty to defend Uland in the Underlying Lawsuit under the Policy;

D.      Declaring that Great West Casualty Company owes no duty under the Policy to indemnify Uland for his liability, if any, in the Underlying Lawsuit;

E.      Declaring that Great West Casualty Company owes no duty to defend Uland & Son in the Underlying Lawsuit under the Policy;

F.      Declaring that Great West Casualty Company owes no duty under the Policy to indemnify Uland & Son for its liability, if any, in the Underlying Lawsuit;

G.      Declaring that Great West Casualty Company owes no liability coverage under the Policy for the Underlying Lawsuit;

H.      For its costs; and

I.      For any and all relief just and proper in the premises.

                                    TAYLOR DEVORE & PADGETT, P.C.


                                    */s/ Misti Presnell DeVore*
                                    Misti Presnell DeVore
                                    Attorney No.: 20316-49A

/s/ Audrey L. Smith
Audrey L. Smith
Attorney No.: 26595-49

TAYLOR DEVORE & PADGETT, P.C.
Keystone Office Park
3003 East 98th Street
Suite 201
Carmel, IN 46280
Phone: (317) 228-9910
Fax: (317) 228-9972
mdevore@taylorlitigation.com
asmith@taylorlitigation.com
*Attorneys for Plaintiff,*
*Great West Casualty Company*