IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:24-cv-334-JPH-MKK |
| | ) | |
| DOUGLAS ULAND, ULAND & SON | ) | |
| HEAVY EQUIPMENT TRANSPORTING, | ) | |
| INC., and RICKY KNAPP, | ) | |
| | ) | |
| Defendants. | ) | |

## GREAT WEST CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT RICKY KNAPP

Plaintiff Great West Casualty Company ("Great West"), by counsel, pursuant to Federal Rule of Civil Procedure 55(b), moves the Court for entry of a default judgment against Defendant Ricky Knapp ("Knapp") on Great West's Complaint for Declaratory Judgment. In support thereof, Great West states:

## I.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND

This litigation is a request for a declaration of the parties' rights and obligations with respect to insurance coverage under a commercial general liability insurance policy issued by Great West to Named Insured Uland & Son Heavy Equipment Transporting, Inc. ("Uland & Son") involving an underlying lawsuit filed by Knapp against Defendants Uland & Son and Douglas Uland ("Uland") (collectively the "Uland Defendants"). The underlying lawsuit alleges that on May 17, 2022 Knapp suffered bodily injury and damages as a result of an altercation between Knapp and Uland.

On June 28, 2024, Great West filed its Complaint for Declaratory Judgment ("Complaint") naming "Uland Defendants" and Knapp to determine the parties' rights and obligations under the Policy.  Dkt. 1.  Knapp was properly served at his residence via certified mail return receipt on August 17, 2024.  Dkt. 16-1, ¶2(a).  On August 29, 2024 , the Uland Defendants filed their Appearance and Answer to Great West's Complaint. Dkt 12 and Dkt. 13.  Knapp failed to answer or otherwise respond to the Complaint within the time allotted by Federal Rule of Trial Procedure 12(a).

On September 30, 2024, because Knapp failed to respond to the Complaint, Great West filed a Motion for Entry of Default pursuant to Rule 55(a). Dkt. 16.  On October 1, 2024, the Court held a telephonic Pre-Trial Conference.  Dkt. 18.  Knapp failed to appear for the Pre-Trial Conference.  Dkt. 18.  On October 3, 2024, the court ordered Knapp to appear for a telephonic show cause hearing and status conference on November 22, 2024. Dkt. 18.  On October 24, 2024, default was entered against Knapp by the Clerk.  Dkt. 23.

On November 22, 2024, a show cause hearing and status conference was held by the Court. Dkt. 30.  Knapp failed to appear at the show cause hearing.  After Knapp failed to appear for the Show Cause Hearing, counsel appeared on behalf of Knapp on November 22, 2024.  Counsel for Knapp has taken no further action.

## II.    <u>LEGAL STANDARD</u>

A default judgment under Federal Rule of Civil Procedure 55 is a two-step process.  First, default must be established.  F.R.C.P. 55(a); *VLM Food Trading Intern., Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).  Second, an actual default judgment must be entered.  F.R.C.P. 55(b), *VLM*, 811 F.3d at 255.  Motions for default judgment are not disfavored by courts in the Seventh Circuit. *Firemen's Ins. Co. v. Washington, D.C. v. Swinney*, 2017 WL 6620882, *2

(S.D. Ind. Dec. 27, 2017).  In an action involving a motion for declaratory judgment, a party must apply to the Court for entry of a default judgment.  *Id*. at *2.

"To prevail on a motion for default judgment, a party must show '(1) when and against what parties the default was entered, (2) the pleading as to which default was entered, (3) that the defaulting parties are neither infants nor incompetent, (4) that the defendants are not in military service, and (5) that notice has been served on the defaulting party.'"  *FCCI Ins. Co. v. J&L Excavating I, LLC*, 2023 WL 8522646 (S.D. Ind. Oct. 30, 2023) (internal citation omitted).  "Entry of default judgment is appropriate if the defaulting party has exhibited a 'willful refusal to litigate the case properly.'"  *Id*. at *2 (quoting *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003)).

### III.    ARGUMENT AND REQUEST FOR ENTRY OF DEFAULT

On October 24, 2024, the Clerk entered default against Knapp.  Great West now seeks entry of a default judgment against Knapp.  Knapp is the injured party in the underlying litigation, such that Great West was required to name him as a party defendant needed for just adjudication in its Complaint for Declaratory Judgment.  *American Standard Ins. Co. of Wi. v. Rogers*, 123 F.Supp.2d 461, 467 (S.D. Ind. 2000).

Great West has met the procedural requirements for an entry of default judgment against Knapp.  Specifically, Property-Owners has demonstrated:

1.  Default was entered against Knapp on October 24, 2024.  *See* Dkt. 23.

2.  Default was entered against Knapp for failure to plead or otherwise defend against the Complaint for Declaratory Judgment in the above-captioned action.  *See* Dkt. 16-1, Dkt. 23.

3.  Knapp is neither an infant nor incompetent.  *See* Dkt. 16-1.

4.  Knapp is not in the military service.  *See* Dkt. 16-1.

3

5.  Notice has been served on Knapp.  *See* Dkt. 16-1.

Despite service on Knapp, Knapp has failed to appear or otherwise answer the Complaint for Declaratory Judgment and failed to appear at the November 22, 2024 Show Cause Hearing showing his willful refusal to properly litigate his case.  Appearance by counsel on behalf of Knapp after failing to appear at the Show Cause Hearing without any further action, such as answering the complaint, seeking time to answer the complaint and/or challenging the entry of default by the Clerk of this Court, also shows Knapp's refusal to properly and timely litigate this matter.  A default judgment against Knapp is appropriate because Knapp is the underlying plaintiff and alleged injured party in the lawsuit filed against the Uland Defendants.  Under similar circumstances where the failure to appear was by the injured party, courts have entered a default judgment against the underlying plaintiff, even in the face of a motion to set aside the default.  *See e.g.*, *Property-Owners Ins. Co. v. Stofer*, 2016 WL 6790799 (S.D. Ind. Oct. 17, 2016) (granting Property-Owners' entry of default judgment against underlying tort plaintiffs after failure to appear and finding underlying plaintiffs chose not to respond, willfully ignoring the complaint and failing to alert their underlying attorney).  The effect of a default judgment against Knapp will bind Knapp to the declaratory judgment ultimately entered by the Court on the coverage issues to be determined.

Finally, the Uland Defendants will not be prejudiced by an entry of default judgment because they remain Defendants and have the opportunity to fully and fairly litigate the coverage issues to be determined in the declaratory judgment action.  Knapp will not be prejudiced by entry of the default judgment because any interest he has in the insurance proceeds will be protected by the Uland Defendants.

WHEREFORE, Plaintiff, Great West Casualty Company, by counsel, respectfully requests the Court grant its Motion for Entry of Default Judgment Against Defendant Ricky Knapp, enter a default judgment against Ricky Knapp binding him to the declaratory judgment ultimately entered by this Court and for all other just and proper relief.

TAYLOR DEVORE, P.C.

*/s/ Misti Presnell DeVore*
Misti Presnell DeVore
Attorney No.: 20316-49A

*/s/ Audrey L. Smith*
Audrey L. Smith
Attorney No.: 26595-49

TAYLOR DEVORE, P.C.
Keystone Office Park
3003 East 98th Street
Suite 201
Carmel, IN 46280
Phone: (317) 228-9910
Fax: (317) 228-9972
mdevore@taylorlitigation.com
asmith@taylorlitigation.com
*Attorneys for Plaintiff,*
*Great West Casualty Company*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ ECF system, which sent notification of such filing to the following:

Jeffrey A. Boyll
WILKINSON, GOELLER, MODESITT,
WILKINSON & DRUMMY, LLP
333 Ohio Street
Terre Haute, IN 47807
jaboyll@wilkinsonlaw.com
*Attorney for Defendants,*
*Douglas Uland and Uland & Son*
*Heavy Equipment Transporting, Inc.*

Kevin M. Bowen
WALDRON TATE BOWEN LAND, LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
holt@wtb-lawyers.com
*Attorney for Defendant, Ricky Knapp*

*/s/ Misti Presnell DeVore*
Misti Presnell DeVore
Attorney No.: 20316-49A

TAYLOR DeVORE, P.C.
Keystone Office Park
3003 E. 98th Street
Suite 201
Carmel, IN 46280
Phone (317) 228-9910
Fax (317) 228-9972
mdevore@taylorlitigation.com
asmith@taylorlitigation.com
*Attorneys for Plaintiff,*
*Great West Casualty Company*